**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
CHICAGO DIVISION**

| | |
|---|---|
| **YING YE, AS REPRESENTATIVE OF THE ESTATE OF SHAWN LIN, DECEASED** | |
| **VS.** | **C.A. No.:** <br><br> **JURY DEMANDED** |
| **GLOBAL SUNRISE, INC.** | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Ying Ye, as Representative of the Estate of Shawn Lin, Deceased, files this Plaintiff's Original Petition, complaining of Defendant Global Sunrise Inc.. For cause of action, Plaintiff would show the Honorable Court as follows:

**1.0**

**PARTIES**

1.1 Plaintiff Ying Ye is an individual residing in Texas.

1.2 Ying Ye is the widow of Shawn Lin. She was married to Shawn Lin at the time of his death.

1.3 Ying Ye and Shawn Lin had two children, A.L. and A.L. They are both minors.

1.4 Ying Ye brings this case as Representative of the Estate of Shawn Lin. She also brings the case on her own behalf as Shawn Lin's widow, and as next friend of her minor children.

1.5 Defendant Global Sunrise Inc. is an Illinois corporation headquartered within the Northern District of Illinois.

1.6 Defendant Global Sunrise Inc. appointed Truck Process Agents of America, Inc. as its agent for service of process under the Motor Carrier Act. It may be served through the Illinois representative of Truck Process Agents of America, Inc., Linda Blisset, 932 S. Spring Street, Springfield, Illinois 62704.

**2.0**

**JURISDICTION**

2.1 This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1331(a). Plaintiff and decedent are Texas citizens. Defendant is a citizen of Illinois. The amount in controversy exceeds $75,001, exclusive of interest and costs.

2.2 This Court has personal jurisdiction over Defendant. Defendant is incorporated and headquartered in Illinois and is thus subject to general jurisdiction in the state.

## 3.0

## VENUE

3.1 Venue is proper in the Northern District of Illinois because Defendant is deemed to reside in the District. 28 U.S.C. § 1391(b)(1). Defendant has its headquarters in the district and thus is subject to personal jurisdiction in the District. 28 U.S.C. § 1391(d).

## 4.0

## FACTS

4.1 Defendant Global Sunrise Inc. is a motor carrier licensed by and registered with the Federal Motor Carrier Safety Administration.

4.2 Defendant hired, qualified, and retained Antoine Carty David as a truck driver.

4.3 At all times relevant to this lawsuit, Antoine Carty David was acting in the course and scope of his actual and/or statutory employment with Defendant Global Sunrise Inc.

4.4 On November 8, 2017 the Federal Motor Carrier Safety Administration (FMCSA) conducted an onsite compliance review and evaluation of Defendant Global Sunrise, Inc.'s safety fitness.

4.5 The FMCSA issued a conditional safety rating as a result of that review and evaluation.

4.6 A conditional rating means that the FMCSA found that Global Sunrise Inc. did not have adequate safety management controls in place to ensure compliance with the safety fitness standard.

4.7 During the November 8, 2017 compliance review and evaluation, the FMCSA found that Global Sunrise Inc.'s operation was deficient with respect to the qualifications of drivers, the hours of service of drivers, the inspection, repair, and maintenance of vehicles, controlled

substance and alcohol use and testing, and the inspection out of service rate.

4.8 On November 7, 2017, Antoine Carty David was operating Defendant's tractor-trailer on the frontage road of Interstate 45 in Conroe, Texas.

4.9 The frontage road had four lanes.

4.10 Antoine Carty David made a right turn from the third lane from the right, crossing two other lanes of travel.

4.11 As a result of Antoine Carty David's improper right turn, there was a collision between a motorcycle operated by Shawn Lin and the tractor trailer.

4.12 Shawn Lin was injured as a result of the collision.

4.13 Shawn Lin suffered conscious pain and suffering because of the injuries.

4.14 Shawn Lin died as a result of the injuries.

4.15 Based on the circumstances of the crash, together with Global Sunrise Inc.'s documented history of hours of service violations, it appears that Antoine Carty David was fatigued and operating in violation of the hours of service regulations.

**5.0**

**CAUSE OF ACTION**

5.1 Antoine Carty David was negligent in the operation of the tractor-trailer.

5.2 Antoine Carty David improperly made a right turn from the third lane from the right. This improper turn constituted negligence.

5.3 Antoine Carty David failed to use his mirrors and look to ensure that there was no traffic coming before crossing other lanes to make a right turn. This failure constituted negligence.

5.4 Upon information and belief, Antoine Carty David was negligent and negligent per se in driving while fatigued and while in violation of the hours-of-service regulations.

5.5 Antoine Carty David's negligence was a proximate cause of Shawn Lin's injuries and subsequent death.

5.6 Defendant Global Sunrise Inc. is vicariously liable for the negligence of Antoine Carty David under the doctrine of respondeat superior.

5.7 Defendant Global Sunrise Inc. is vicariously liable for the negligence of Antoine Carty David under the statutory employment doctrine.

5.8 Upon information and belief, Defendant Global Sunrise Inc. was negligent in its entrustment of a tractor-trailer to Antoine Carty David, and in the qualification, hiring, training, supervision, and retention of Antoine Carty David. This negligence was a proximate cause of Shawn Lin's injuries and subsequent death.

5.9 By systematically failing to comply with the Federal Motor Carrier Safety Regulations and failing to have an adequate safety management system in place, Defendant Global Sunrise Inc. was grossly negligent and acted with a reckless and outrageous indifference to a highly unreasonable risk of harm and with a conscious indifference to the rights and safety of others. As such, Defendant is also liable for punitive damages.

## 6.0

## DAMAGES

6.1 Plaintiff seeks to recover the following elements of damages, which were proximately caused by Defendant's negligence:

    A. Pecuniary loss, including the loss of money, benefits, goods, services, society, and relations suffered by Shawn Lin's widow and lineal next of kin, as well as the grief, sorrow, and mental suffering of Ying Ye and her children;

    B. Medical bills incurred by Shawn Lin prior to his death;

    C. Physical pain, emotional distress, and mental anguish sustained by Shawn Lin prior to his death.

6.2 Plaintiff also seeks to recover punitive damages.

6.3 Plaintiff also seeks to recover prejudgment interest, post-judgment interest, and court costs.

6.4 Plaintiff's damages exceed the Court's jurisdictional minimum and exceed $75,001.00.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that citation be issued and Defendant be served, and upon trial on the merits the Court enter judgment for Plaintiff and against

Defendant for compensatory and punitive damages, together with prejudgment interest, postjudgment interest, and court costs.

                                        Respectfully submitted,

/s/ Michael Cowen
*Pro Hac Vice*
Texas Bar No. 00795306
COWEN | MASK | BLANCHARD
6243 IH 10 West Ste 801
San Antonio, Texas 78201
Telephone: (210) 941-1301
Facsimile: (956) 504-3674
E-Mail for Service: efilings@cmbtrial.com

DESIGNATED LOCAL COUNSEL FOR SERVICE (L.R. 83.15):

Ken Levinson
Firm ID No. 58168
Levinson & Stefani
230 West Monroe Suite 2210
Chicago, IL 60606
Telephone: (877) 488-6871
Facsimile: (312) 376-3818