UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
CHICAGO DIVISION

| | |
|---|---|
| YING YE, AS REPRESENTATIVE OF THE ESTATE OF SHAWN LIN, DECEASED<br><br>VS.<br><br>GLOBAL SUNRISE INC. | C.A. No.: 1:18-cv-01961 |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Ying Ye, as Representative of the Estate of Shawn Lin, Deceased, files this Plaintiff's First Amended Complaint, complaining of Defendants Global Sunrise Inc. and GlobalTranz Enterprises, Inc. For cause of action, Plaintiff would show the Honorable Court as follows:

### 1.0

### PARTIES

1.1 Plaintiff Ying Ye is an individual residing in Texas.

1.2 Ying Ye is the widow of Shawn Lin. She was married to Shawn Lin at the time of his death.

1.3 Ying Ye and Shawn Lin had two children, A.L. and A.L. They are both minors.

1.4 Ying Ye brings this case as Representative of the Estate of Shawn Lin. She also brings the case on her own behalf as Shawn Lin's widow, and as next friend of her minor children.

1.5 Defendant Global Sunrise Inc. is an Illinois corporation headquartered within the Northern District of Illinois.

1.6 Defendant Global Sunrise Inc. appointed Truck Process Agents of America, Inc. as its agent for service of process under the Motor Carrier Act. It may be served through the Illinois representative of Truck Process Agents of America, Inc., Linda Blisset, 932 S. Spring Street, Springfield, Illinois 62704. Defendant has already answered and appeared in this case, so no service is necessary at this time.

1.7 Defendant GlobalTranz Enterprises, Inc. is a Delaware corporation headquartered in Scottsdale, Arizona and doing business in Illinois. It may be served through its agent for service of process in Illinois. It may be served through Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

## 2.0

## JURISDICTION

2.1 This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1331(a). Plaintiff and decedent are Texas citizens. Defendant Global Sunrise Inc. is a citizen of Illinois. The amount in controversy exceeds $75,001, exclusive of interest and costs.

2.2 This Court has personal jurisdiction over Defendant Global Sunrise Inc. Defendant Global Sunrise Inc. is incorporated and headquartered in Illinois and is thus subject to general jurisdiction in the state. Defendant GlobalTranz Enterprises, Inc. maintains an office in Illinois and an agent for service of process and is thus subject to jurisdiction in the state.

2.3 This Court has personal jurisdiction over Defendant GlobalTranz Enterprises, Inc. GlobalTranz Enterprises, Inc. has purposefully availed itself of the benefits of doing business in Illinois. As such, it has sufficient contacts with the forum that it is subject to personal jurisdiction in this Court. The claims in this lawsuit arise out of these Illinois contacts.

2.4 Defendant GlobalTranz Enterprises, Inc. maintain offices, and has employees, in Chicago, Illinois and Niles, Illinois.

2.5 Defendant GlobalTranz Enterprises, Inc. brokers thousands of loads each year that either originate or terminate in Illinois.

2.6 Defendant GlobalTranz Enterprises, Inc. markets itself to both shippers and motor carriers in Illinois.

2.7 Defendant GlobalTranz Enterprises, Inc. does millions of dollars in business each year with shippers in Illinois.

2.8 Defendant GlobalTranz Enterprises, Inc. does millions of dollars in business each year with

motor carriers in Illinois.

2.9    In October 2017, Defendant GlobalTranz Enterprises, Inc. brokered a load to Defendant Global Sunrise Inc., an Illinois motor carrier. This load was to be picked up in Chicago, Illinois. This lawsuit arises out of a crash that occurred during the delivery of this load.

### 3.0
### VENUE

3.1    Venue is proper in the Northern District of Illinois because Defendants Global Sunrise Inc. and GlobalTranz Enterprises, Inc. are both deemed to reside in the District. 28 U.S.C. § 1391(b)(1). Defendant Global Sunrise Inc. has its headquarters in the district and thus is subject to personal jurisdiction in the District. 28 U.S.C. § 1391(d). For the reasons set out in paragraphs 2.3 to 2.9 of this Complaint, Defendant GlobalTranz Enterprises, Inc. has sufficient contacts with the Northern District of Illinois to subject it to personal jurisdiction if that district were a separate state. Thus, Defendant GlobalTranz Enterprises, Inc. is deemed to be a resident of the Northern District for venue purposes. 28 U.S.C. § 1391(d).

### 4.0
### FACTS

4.1    Defendant Global Sunrise Inc. was a "chameleon carrier." That is, it is the continuation of two related businesses operated under other names. Each of these two prior business ceased operations due to multiple violations of the Federal Motor Carrier Safety Regulations and the imposition of a conditional safety rating by the Federal Motor Carrier Safety Administration.

4.2    Viktorija Suisinskas and her husband, Aleksandras Siusinskas, owned and operated a motor carrier named DSV Express Inc.

4.3    DSV Express Inc. was listed as being owned solely by Aleksandras Siusinskas.

4.4    DSV Express Inc. received numerous citations for violations of the Federal Motor Carrier Safety Regulations.

4.5    DSV Express Inc. received a conditional safety rating after a safety audit conducted by the

Federal Motor Carrier Safety Administration.

4.6 Viktorija Suisinskas and Aleksandras Siusinskas then created a new company, DSV Services Corp. They claimed that DSV Services Corp. was solely owned by Viktorija Suisinskas.

4.7 Viktorija Suisinskas and Aleksandras Siusinskas operated DSV Services Corp. in the same unsafe manner in which they operated DSV Express Inc. As a result, DSV Services Corp. received numerous citations for violations of the Federal Motor Carrier Safety Regulations and a conditional safety rating after a safety audit conducted by the Federal Motor Carrier Safety Administration.

4.8 Viktorija Suisinskas and Aleksandras Siusinskas then opened a new company, Global Sunrise Inc.

4.9 Viktorija Suisinskas and Aleksandras Siusinskas placed Global Sunrise Inc. under the name of an associate, Nicholas Borzhevski, but remained active in the management and operations of Global Sunrise Inc.

4.10 During all times relevant to this lawsuit, Global Sunrise Inc. did not own trucks or trailers. Instead, it "leased" trucks and trailers from DSV Services Corp. There was no written lease, and Global Sunrise Inc. did not pay anything to DSV Services Corp. in exchange for leasing the equipment.

4.11 Defendant GlobalTranz Enterprises, Inc. provides third-party logistics services and acts as a freight broker.

4.12 Defendant Global Sunrise Inc. is a motor carrier licensed by and registered with the Federal Motor Carrier Safety Administration.

4.13 GlobalTranz Enterprises, Inc. entered into a contract for Global Sunrise Inc. to transport freight from Chicago, Illinois to Conroe, Texas.

4.14 On its website, Defendant GlobalTranz Enterprises, Inc. promises, "GlobalTranz works with only the most qualified carriers, thoroughly vetting each with the highest safety standards."

4.15 At all times relevant to this lawsuit, the Federal Motor Carrier Safety Administration

(FMCSA) published information regarding motor carriers on the internet that GlobalTranz Enterprises, Inc. could freely access to determine the fitness of motor carriers.

4.16 The easily available information available to GlobalTranz Enterprises, Inc. on the internet for vetting motor carriers included violation histories and Behavior Analysis Safety Improvement Categories (BASIC) scores.

4.17 The publicly-available information showed numerous violations of the Federal Motor Carrier Safety Regulations by Global Sunrise Inc. and it's drivers prior to the October 31, 2017, contract.

4.18 The violation history readily available to GlobalTranz Enterprises, Inc. on the Federal Motor Carrier Safety Administration's website from just the month before the October 31, 2017, contract included:

- October 26, 2017: Unsafe driving, specifically unlawfully parking and/or leaving vehicle in the roadway in violation of FMCSA 392.2PK
- October 26, 2017: Vehicle maintenance violation, specifically an inoperable tail lamp in violation of FMCSA 393.9T
- October 26, 2017: Driver hours of service violation, specifically a false report of drivers record of duty status in violation of FMCSA 395.8(e)
- October 10, 2017: Driver fitness violation, specifically operating a CMV without a CDL in violation of FMCSA 383.23(a)(2)
- October 10, 2017: Vehicle maintenance violation, specifically a flat tire and/or audible air leak in violation of FMCSA 393.75(a)(3)
- October 5, 2017: Vehicle maintenance violation, specifically a violation related to brake tubing and hose adequacy in violation of FMCSA 393.45PC
- October 5, 2017: Driver hours of service violation, specifically driving beyond the 8-hour limit since the end of the driver's last off duty or sleeper period of at least 30 minuted in violation of FMSCA 395.3(a)(3)(ii)

4.19  In addition to the violations from the month of October 2017, the FMSCA's website shows that from November 18, 2016, until September 29, 2017, which coincides with the time in which Global Sunrise Inc. operated as a motor carrier, it's vehicles and/or drivers were subject to inspection 111 times and cited for a total of 153 BASIC violations including 30 violations related to drivers' hours of service and seven for unsafe driving.

4.20  SAFER statistics from the FMCSA show that in the 24 months prior to December 3, 2017, Global Sunrise Inc.'s vehicles were placed out of service after inspection more than a quarter of the time, which is over the national average.

4.21  SAFER statistics for Global Sunrise Inc.'s drivers are even more telling with drivers placed out of service in the same time period in excess of 12-percent of the time, more than double the national average.

4.22  On November 7, 2017, David Antoine Carty was operating a Global Sunrise Inc. tractor-trailer on the frontage road of Interstate 45 in Conroe, Texas while transporting the cargo on behalf of GlobalTranz Enterprises, Inc.

4.23  The frontage road had four lanes.

4.24  David Antoine Carty made a right turn from the third lane from the right, crossing two other lanes of travel.

4.25  As a result of David Antoine Carty's improper right turn, there was a collision between a motorcycle operated by Shawn Lin and the tractor trailer.

4.26  Shawn Lin was injured as a result of the collision.

4.27  Shawn Lin suffered conscious pain and suffering because of the injuries.

4.28  Shawn Lin died as a result of the injuries.

4.29  On November 8, 2017, the Federal Motor Carrier Safety Administration (FMCSA) conducted an onsite compliance review and evaluation of Defendant Global Sunrise Inc.'s safety fitness.

4.30  The FMCSA issued a conditional safety rating as a result of that review and evaluation.

4.31   A conditional rating means that the FMCSA found that Global Sunrise Inc. did not have adequate safety management controls in place to ensure compliance with the safety fitness standard.

4.32   During the November 8, 2017, compliance review and evaluation, the FMCSA found that Global Sunrise Inc.'s operation was deficient with respect to the qualifications of drivers, the hours of service of drivers, the inspection, repair, and maintenance of vehicles, controlled substance and alcohol use and testing, and the inspection out of service rate.

4.33   Based on the circumstances of the crash and evidence obtained through discovery, coupled with Global Sunrise Inc.'s documented history of hours of service violations, it appears David Antoine Carty was fatigued and operating in violation of the hours of service regulations.

4.34   Global Sunrise Inc. hired, qualified, and retained David Antoine Carty as a truck driver.

4.35   GlobalTranz Enterprises, Inc. hired Global Sunrise Inc. to transport freight on it's behalf.

4.36   GlobalTranz Enterprises, Inc. knew, or should have known, that Global Sunrise Inc. was a chameleon carrier.

4.37   GlobalTranz Enterprises, Inc. knew, or should have known, that Global Sunrise Inc. was operated in an unsafe manner and should not have been entrusted with freight loads on public roadways.

4.38   At all times relevant to this lawsuit, David Antoine Carty was acting in the course and scope of his actual and/or statutory employment with Defendant Global Sunrise Inc. and transporting freight on behalf of Defendant GlobalTranz Enterprises, Inc.

4.39   Defendant GlobalTranz Enterprises, Inc. exercised substantial control over the details of the work conducted by Global Sunrise Inc. and David Antoine Carty.

4.40   GlobalTranz Enterprises, Inc. communicated directly with David Antoine Carty regarding the load.

4.41   GlobalTranz Enterprises, Inc. required that a specific trailer be used: a "53' swing door, dry

van with air ride."

4.42 GlobalTranz Enterprises, Inc. specified the pickup date and time, as well as the delivery date and time.

4.43 GlobalTranz Enterprises, Inc. required that the driver, David Antoine Carty, call GlobalTranz to be dispatched.

4.44 GlobalTranz Enterprises, Inc. required that either David Antoine Carty or Global Sunrise Inc.'s dispatch call GlobalTranz Enterprises, Inc. each day to provide a tracking update and driver location report.

4.45 GlobalTranz Enterprises, Inc. required that the driver call GlobalTranz Enterprises, Inc. prior to entering detention.

4.46 GlobalTranz Enterprises, Inc. required Global Sunrise Inc. to immediately notify GlobalTranz Enterprises, Inc. if the shipper's instructions did not match the GlobalTranz Enterprises, Inc. rate confirmation.

4.47 GlobalTranz Enterprises, Inc. required daily, accurate tracking updates.

4.48 GlobalTranz Enterprises, Inc. required that the driver verify at the time of pickup that the Bill of Lading matched the temperature on the load confirmation.

4.49 GlobalTranz Enterprises, Inc. required Global Sunrise Inc. to relay a 2-hour pickup and deliver ETA to GlobalTranz Enterprises, Inc.

4.50 The bill of lading (number 95346749) identified GlobalTranz Enterprises, Inc. as the carrier; the bill of lading did not reference Global Sunrise Inc.

4.51 The Federal Motor Carrier Safety Administration revoked Global Sunrise Inc.'s motor carrier authority due to continuing violations of the Federal Motor Carrier Safety Regulations.

**5.0**

**CAUSE OF ACTION**

5.1 David Antoine Carty was negligent in the operation of the tractor-trailer.

5.2 David Antoine Carty improperly made a right turn from the third lane from the right.

This improper turn constituted negligence.

5.3    David Antoine Carty failed to use his mirrors and look to ensure that there was no traffic coming before crossing other lanes to make a right turn. This failure constituted negligence.

5.4    Upon information and belief, David Antoine Carty was negligent and negligent per se in driving while fatigued and while in violation of the hours-of-service regulations.

5.5    Defendant Global Sunrise Inc. is vicariously liable for the negligence of David Antoine Carty under the doctrine of respondeat superior.

5.6    Upon information and belief, Defendant Global Sunrise Inc. was negligent in its entrustment of a tractor-trailer to David Antoine Carty, and in the qualification, hiring, training, supervision, and retention of David Antoine Carty. This negligence was a proximate cause of Shawn Lin's injuries and subsequent death.

5.7    By systematically failing to comply with the Federal Motor Carrier Safety Regulations and failing to have an adequate safety management system in place, Defendant Global Sunrise Inc. was grossly negligent and acted with a reckless and outrageous indifference to a highly unreasonable risk of harm and with a conscious indifference to the rights and safety of others.

5.8    Defendant GlobalTranz Enterprises, Inc. was negligent in selecting Global Sunrise Inc. to transport freight on it's behalf as they knew, or should have known, that Global Sunrise Inc. was an unsafe company with a history of hours of service and unsafe driving violations that would've alerted a reasonably prudent person to the same.

5.9    The negligence of GlobalTranz Enterprises, Inc. in hiring Global Sunrise Inc. was a proximate cause of Plaintiffs' injuries and damages.

5.10   GlobalTranz Enterprises, Inc. had and/or exercised sufficient control over Global Sunrise Inc. and David Antoine Carty such that Global Sunrise Inc. and David Antoine Carty were acting as its agents. As such, GlobalTranz Enterprises, Inc. is vicariously liable for

the negligence of Global Sunrise Inc. and David Antoine Carty.

## 6.0

## DAMAGES

6.1　Plaintiff seeks to recover the following elements of damages, which were proximately caused by Defendants' negligence:

    A.　Pecuniary loss, including the loss of money, benefits, goods, services, society, and relations suffered by Shawn Lin's widow and lineal next of kin, as well as the grief, sorrow, and mental suffering of Ying Ye and her children;

    B.　Medical bills incurred by Shawn Lin prior to his death;

    C.　Physical pain, emotional distress, and mental anguish sustained by Shawn Lin prior to his death.

6.2　Plaintiff also seeks to recover punitive damages.

6.3　Plaintiff also seeks to recover prejudgment interest, post-judgment interest, and court costs.

6.4　Plaintiff's damages exceed the Court's jurisdictional minimum and exceed $75,001.00.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that citation be issued and Defendant be served, and upon trial on the merits the Court enter judgment for Plaintiff and against Defendant for compensatory and punitive damages, together with prejudgment interest, postjudgment interest, and court costs.

Respectfully submitted,

/s/ S. Dylan Pearcy
*Admitted Pro Hac Vice*
Texas Bar No. 24086744
COWEN | RODRIGUEZ | PEACOCK
6243 IH 10 West Ste 801
San Antonio, Texas 78201
Telephone: (210) 941-1301
Facsimile: (210) 579-8968
E-Mail for Service: efilings@cowenlaw.com

DESIGNATED LOCAL COUNSEL FOR SERVICE (L.R. 83.15):

Ken Levinson
Firm ID No. 58168
Levinson & Stefani
230 West Monroe Suite 2210
Chicago, IL 60606
Telephone: (877) 488-6871
Facsimile: (312) 376-3818

## CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of the foregoing has been delivered, in the required manner, to all counsel of record in accordance the applicable Rules of Civil Procedure on October 16, 2019.

**Via E-Mail, Facsimile & First Class Mail**
Global Sunrise Inc.
747 East Boughten Road
Bolingbrook, Illinois, 60440
Facsimile (708) 590-0916
e-mail globalsunrise2016@yahoo.com

**Via First Class Mail**
Global Sunrise Inc.
932 S. Spring Street
Springfield, IL 62704

**Via E-Service**
Kenneth Levinson
Levinson & Stefani
230 West Monroe
Suite 2210
Chicago, IL 60606

                                              */s/ S. Dylan Pearcy*
                                                 S. Dylan Pearcy