# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Ying Ye, as Representative of the Estate of Shawn Lin, Deceased, ) ) ) Plaintiff, ) ) v. ) ) Global Sunrise, Inc. and Global Tranz Enterprises, Inc., ) ) ) Defendants. ) | Case No.: 18-cv-01961 <br><br> Honorable Elaine E. Bucklo |

## DEFENDANT GLOBALTRANZ ENTERPRISES, INC.'S
## MOTION FOR ENTRY OF JUDGMENT PURSUANT TO RULE 58(d)

Defendant, GlobalTranz Enterprises, Inc. ("GlobalTranz"), by its attorneys, William P. Ryan and Matthew C. Koch of Marwedel, Minichello & Reeb, P.C., respectfully moves this Court, pursuant to the provisions of Rule 58(d) of the Federal Rules of Civil Procedure, for the entry of judgment in a separate document as set forth in Rule 58(a) and direct the Clerk of the Court to enter judgment in favor of GlobalTranz and against Plaintiff on Plaintiff's First Amended Complaint [Doc. 55], and in support thereof states as follows:

1. This action arises from a motorcycle and truck accident that resulted in the death of Shawn Lin on November 7, 2017, David Carty ("Carty") was operating a tractor-trailer on a frontage road in Conroe, Texas. As Carty made a right turn, there was a collision between a motorcycle operated by Shawn Lin and the tractor-trailer.

2. Plaintiff commenced this action on March 19, 2018, by filing a Complaint against Global Sunrise, Inc. [Doc. 1]. On October 25, 2019, Plaintiff filed a First Amended Complaint naming GlobalTranz as a defendant. [Doc. 55]. Plaintiff asserted claims against GlobalTranz based on theories of vicarious liability for the alleged negligence of the truck driver, Carty, and a

negligent hiring theory of liability, alleging that GlobalTranz was negligent in the selection of Global Sunrise as the motor carrier to transport the goods to Texas.

3. On November 21, 2019, GlobalTranz filed a motion to dismiss [Doc. 62] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds that the claims are preempted by the Federal Aviation Administration Authorization Act of 1994 ("FAAAA"), 49 U.S.C. § 14501(c)(1).

4. On March 4, 2020, this Court issued its Memorandum Opinion and Order [Doc. 74] granting GlobalTranz's Motion to Dismiss in part and denying it in part. The Court granted the motion to dismiss as to Plaintiff's claims based on negligent hiring and denied the motion as to Plaintiff's claim that GlobalTranz is vicariously liable for the negligence of Global Sunrise and Carty. [Doc. 74, page 14].

5. On July 16, 2021, GlobalTranz filed a motion for summary judgment as to the vicarious liability claim. [Doc. 91] GlobalTranz argued that it was not the employer of Carty and did not exercise control over Global Sunrise or Carty and is not subject to vicarious liability for the alleged negligence of Carty and/or Global Sunrise.

6. On November 2, 2021, this Court issued its Memorandum Opinion and Order [Doc. 108] granting GlobalTranz's Motion for Summary Judgment on the vicarious liability claim, finding that Global Sunrise and Carty were not agents of GlobalTranz as a matter of law.

7. As a result of the Court's order dismissing the negligent hiring claim [Doc. 74] and the order granting summary judgment on the vicarious liability claim [Doc. 108], all claims asserted against GlobalTranz have been resolved in favor of GlobalTranz and there are no claims pending against GlobalTranz.

8.  GlobalTranz respectfully requests that this Court direct that judgment in favor of GlobalTranz and against Plaintiff be set out in a separate document as required by Rule 58(a).

**WHEREFORE,** Defendant, GlobalTranz Enterprises, Inc., prays that this Court direct the Clerk of the Court to enter judgment in a separate document as set forth in Rule 58(a) in favor of GlobalTranz and against Plaintiff on Plaintiff's First Amended Complaint.

Respectfully submitted,

**For GlobalTranz Enterprises. Inc.**

/s/ William P. Ryan
William P. Ryan
Matthew C. Koch
Marwedel, Minichello & Reeb, P.C.
303 W. Madison Street, Suite 1100
(312) 902-1600
bryan@mmr-law.com
mkoch@mmr-law.com

## CERTIFICATE OF SERVICE

I, William P. Ryan, an attorney, certify that on November 8, 2021, I served a copy of the foregoing document on each party of record registered with the CM/ECF system by electronically filing it with the Clerk of the United States District Court for the Northern District of Illinois, who will send notification of such filing to each of them. I further certify that I served a copy of the foregoing document on Defendant Global Sunrise, Inc., in the following manner:

**Via E-Mail, Facsimile & First-Class Mail**
Global Sunrise Inc.
747 East Boughten Road
Bolingbrook, Illinois, 60440
Facsimile (708) 590-0916
e-mail globalsunrise2016@yahoo.com

**Via First Class Mail**
Global Sunrise Inc.
932 S. Spring Street
Springfield, IL 62704

**Via E-Service**
Kenneth Levinson
Levinson & Stefani
230 West Monroe
Suite 2210
Chicago, IL 60606

/s/ William P. Ryan

4