IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Ying Ye, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 18-cv-1961 |
| | ) |
| Global Sunrise, Inc. | ) |
| | ) |
| Defendant. | ) |

Order

On November 7, 2017, Shawn Lin's motorcycle collided with a tractor trailer that was being operated by David Carty, an employee of Defendant Global Sunrise, Inc. ("Global Sunrise"). Mr. Lin died as a result of his injuries. Ying Ye, Mr. Lin's widow, sued Global Sunrise on the theory that it was vicariously liable for Mr. Carty's negligent driving. In November 2021, I granted default judgment against Global Sunrise. ECF No. 113. Ms. Ye has now submitted statements and exhibits in support of her claimed damages of $10 million. *See* ECF Nos. 114, 117-18. For the reasons that follow, I award Ms. Ye the damages she seeks.

Ms. Ye claims damages in two categories: survival damages and wrongful-death damages. ECF No. 55 at 10. Survival damages are damages that "resulted from the []negligence . . . of the

defendant during the period between the time of the decedent's injuries and the time of decedent's death." *Ill. Pattern Jury Instructions--Civ.* § 31.10; *see also Kasongo v. United States*, 523 F. Supp. 2d 759, 810 (N.D. Ill. 2007). They include medical expenses and conscious pain and suffering. *Ill. Pattern Jury Instructions--Civ.* § 31.10 cmt. (citing *Murphy v. Martin Oil Co.*, 308 N.E.2d 583, 587 (Ill. 1974)). Wrongful-death damages, in contrast, represent the "amount of money which will reasonably and fairly compensate the . . . next of kin . . . of the decedent" for their pecuniary loss, which includes both the value of the decedent's likely contributions to his family if the decedent had lived and damages for loss of society. *Ill. Pattern Jury Instructions--Civ.* § 31.04; *Kasongo*, 523 F. Supp. 2d at 803.

  Turning first to survival damages, Mr. Lin's pre-death pain and suffering was likely significant. Per his hospital records, he broke several bones in the accident, including in his pelvis, cervical spine, sacrum, tailbone, and ribs, and he also suffered from traumatic cardiac arrest, respiratory failure, and anoxic brain injury. ECF No. 114-14. He survived for nearly two weeks before he passed away. *Id.* During his stay in the hospital, he did not have "any upper cortical function, nor did he ever respond to pain or have any movement." *Id.* However, "[t]he fact that a decedent [may have] suffered for only a short period of time is not a bar to a claim for pain and suffering." *Glover v. City of*

2

*Chicago*, 436 N.E.2d 623, 628 (Ill. App. Ct. 1982). Ms. Ye also submits medical and funeral bills totaling in excess of $500,000. *See* ECF No. 117 ¶¶ 4-5. Ms. Ye is entitled to survival damages as compensation for her husband's pain and suffering and the expenses surrounding his death.

Wrongful-death damages are also appropriate. Mr. Lin is survived by his wife, Ying Ye, and two children, Audrey and Aiden, who were five and two years old at the time of Mr. Lin's death. ECF No. 118 ¶ 1. "In a wrongful death action brought by a surviving spouse or for lineal next of kin, 'the law presumes substantial pecuniary damages arising from the relationship alone[.]'" *Kasongo*, 523 F. Supp. 2d at 803, 809 (quoting *Dotson v. Sears, Roebuck & Co.*, 510 N.E.2d 1208, 1218 (Ill. App. Ct. 1987)) (awarding loss of society damages in the amount of $3.5 million where decedent was survived by husband and three minor children). Mr. Lin was 39 years old and in good health at the time of his death. ECF No. 118 ¶ 5. He provided the majority of the household's income through his job as an information-technology professor at Lone Star College and, secondarily, through a convenience store he owned in Houston, Texas. *Id.* ¶¶ 2-3. Ms. Ye was unable to manage the store in Mr. Lin's absence, so was forced to sell it. *Id.* ¶ 3. Mr. Lin was also actively involved in his children's lives, contributing significantly to the household's childcare. *Id.* ¶ 4. He additionally performed yardwork and

maintenance around the house, and Ms. Lin has been forced to hire a handyman to assist with those tasks since Mr. Lin's death. *Id.* ¶ 6.

It is appropriate to consider comparable damages awards. *See Kasongo*, 523 F. Supp. 2d at 804 (citing *Jutzi-Johnson v. United States*, 263 F.3d 753, 758-59 (7th Cir. 2001)). Ms. Ye's attorney points to *Volkova v. C.H. Robinson Co.*, No. 16-cv-1883 (N.D. Ill.). There, as here, a widow brought suit for negligence after her husband died in a motor accident involving a truck. *See Volkova*, No. 16-cv-1883, ECF No. 191 (N.D. Ill. Nov. 20, 2017). After a trial, the jury awarded damages in the amount of $18,600,000. *Volkova*, No. 16-cv-1883, ECF No. 324 (N.D. Ill. May 16, 2019).

In light of the forgoing, and incorporating both wrongful-death and survival damages, I find Ms. Ye's claimed damages of $10,000,000 to be fair and reasonable compensation in this case. Damages are awarded in that amount.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: April 5, 2022

4